UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LEIGH FREBERG,

    Plaintiff,

v.

MARQUETTE GENERAL HEALTH
SYSTEM, DAVID SMITH, THOMAS
NOREN, and DANIEL DEROSIA,

    Defendants.

_____/

Case No. 2:13-CV-316

HON. GORDON J. QUIST

## **OPINION**

    Plaintiff, Leigh Freberg, filed a pro se complaint alleging violations of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12131 *et seq.*, and the Family Medical Leave Act (FMLA), 29 U.S.C. § 2601 *et seq.* Plaintiff has sued her former employer, Marquette General Health System (MGHS), and several of its agents, David Smith, Thomas Noren, and Daniel DeRosia (the individual defendants). MGHS moved to dismiss Plaintiff's FMLA claim against it, and Plaintiff responded to that motion. Thereafter, the individual defendants moved to dismiss all the claims against them. Plaintiff did not respond to those motions.

    In her complaint, Plaintiff alleges that Defendants violated the ADA by discriminating against her, refusing her a reasonable accommodation, and retaliating against her. Plaintiff further claims that Defendants violated the FMLA by requesting multiple certifications from her, threatening to withdraw approval of her FMLA leave, and seeking "intimate knowledge" of her medical leave. Finally, Plaintiff alleges that Defendants maintained a hostile work environment.

## I. Background[1]

On November 8, 2010, Plaintiff applied for FMLA leave. (Compl. ¶ 9.) Plaintiff submitted to MGHS "substantiation" that she suffered a condition requiring leave. (*Id.* ¶ 10.) That same day, MGHS approved Plaintiff's request. (*Id.* ¶ 9.) On January 14, 2011, Plaintiff sought to convert her intermittent FMLA leave to an unexpected continuous leave. (*Id.* ¶ 15.) That same day, MGHS approved Plaintiff's leave. (*Id.* ¶ 16.)

On January 21, 2011, Plaintiff provided medical certification related to her condition. (*Id.* ¶ 17.) MGHS then retested Plaintiff's eligibility for FMLA leave. (*Id.* ¶ 18.) On January 31, 2011 and February 1, 2011, Defendant Smith requested an electronic copy of Plaintiff's certification from MGHS's internal employee health office. (*Id.* ¶¶ 20, 22.)

In early February, Plaintiff informed Defendant Smith that she intended to return to work on February 7, 2011 with disability-related accommodations. (*Id.* ¶¶ 22, 24.) Shortly thereafter, at Defendant Smith's request, Plaintiff provided a return to work certification. (*Id.* ¶¶ 24, 25.) On February 5, 2011, Defendant Smith told Plaintiff that MGHS could not determine whether Plaintiff was entitled to an accommodation, and that Plaintiff therefore could not return to work on February 7, 2011. (*Id.* ¶ 26.) Defendant Smith informed Plaintiff that MGHS would continue her FMLA leave. (*Id.* ¶ 26.) On February 10, 2011, Defendant Smith notified Plaintiff that MGHS would grant one accommodation, and Plaintiff was expected to return to work on February 11, 2011. (*Id.* ¶ 27.)

On February 18, 2011, Plaintiff filed a complaint with the Michigan Department of Civil Rights and the Equal Employment Opportunity Commission (EEOC). (*Id.* ¶ 30.) On March 11, 2011, Plaintiff resigned from her position. (*Id.* ¶ 31.)

---

[1] This section will recite only those facts relevant to Plaintiff's FMLA claim, since the merits of the ADA claim are not relevant to the motions before the Court.

## II. Discussion

### A. Violation of the ADA (Counts 1 and 2)[2]

In Counts 1 and 2 of her complaint, Plaintiff alleges that Defendants failed to provide a reasonable accommodation for her disability and discriminated against her and harassed her because of her disability. Although Plaintiff does not cite a statutory basis for Counts 1 and 2, she appears to assert claims under the ADA. The individual defendants have moved to dismiss these claims, arguing that they are not subject to liability under the ADA.

The Sixth Circuit has held that "individual supervisors who do not independently qualify under the statutory definition of employer may not be held personally liable in . . . ADA cases." *Ford v. Frame*, 3 Fed. App'x 316, 318 (6th Cir. 2001) (citing *Sullivan v. River Valley Sch. Dist.*, 197 F.3d 804, 808 n.1 (6th Cir. 1999)). Plaintiff alleged that the individual defendants acted as agents of MGHS, and not as employers themselves. Thus, the individual defendants are not subject to liability under the ADA, and are entitled to dismissal of those claims.

### B. FMLA Claim (Count 3)

MGHS and the individual defendants have moved to dismiss Plaintiff's FMLA claim, arguing that Plaintiff fails to state a valid FMLA claim and that any such claim is time-barred.[3] In her response to MGHS's motion, Plaintiff contends that she has sufficiently alleged both an interference and a retaliation claim under the FMLA, and that, to the extent she has not alleged sufficient facts in her complaint, her response contains such facts.

---

[2] The complaint contains two counts titled "Count 2." Both of these counts appear to assert ADA claims against Defendants.

[3] The Sixth Circuit has indicated that an individual may be held liable under the FMLA if he is an "employer," which the FMLA defines as "any person who acts, directly or indirectly, in the interest of the employer." *Mitchell v. Chapman*, 343 F.3d 811, 827 (6th Cir. 2003) (quoting 29 U.S.C. 2611(4)(A)(ii)(I)).

3

For an interference claim, a plaintiff must establish that: (1) she was an eligible employee; (2) the defendant was an employer as defined by the FMLA; (3) she was entitled to leave under the FMLA; (4) she gave the employer notice of her intention to take leave; and (5) the employer denied the plaintiff FMLA benefits to which she was entitled. *Edgar v. JAC Prods., Inc.*, 443 F.3d 501, 507 (6th Cir. 2006). MGHS argues that Plaintiff has not alleged that MGHS denied her benefits to which she was entitled. Plaintiff raises two arguments in response.

Plaintiff first argues that she was continually retested for FMLA eligibility. In her complaint, Plaintiff alleges that she provided medical certification to MGHS when she first applied for leave in November 2010, and that MGHS retested her eligibility on January 21, 2011, after she requested that her FMLA leave be converted to unexpected continuous leave.[4] Plaintiff further alleges that she had to provide documentation before she returned to work, in order to provide "clarification" regarding her request for an accommodation.

An employer may require an employee to provide certification with a request for leave, and may also require subsequent certifications on a regular basis. 29 U.S.C. § 2613(a), (c). MGHS was permitted to test Plaintiff's eligibility when she initially applied for leave, and then again when she sought to convert the leave. Those actions did not deny Plaintiff FMLA benefits to which she was entitled.

Plaintiff next argues that, when she returned to work after her FMLA leave, MGHS removed certain "essential functions" from her position. Plaintiff argues that this violated her right to reinstatement under the FMLA. *See* 29 U.S.C. 2614(a) (an employee is entitled to be restored to the position she held before taking leave or an equivalent position). Plaintiff's complaint never stated

---

[4] Plaintiff's response to MGHS's motion to dismiss asserts that MGHS retested Plaintiff on three separate occasions. These allegations were not contained in the complaint, however, and their basis is unclear.

4

that Defendants failed to reinstate her after her FMLA leave. Indeed, the only reference to a change in her job duties is in Count 1, in which Plaintiff asserts that Defendants discriminated against her based on her disability in various ways, including by "removal of essential functions of Plaintiff's position."

In reviewing a motion to dismiss under Rule 12(b)(6), a court may not consider matters outside the pleadings. *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997). A plaintiff may not assert claims in response to a motion to dismiss that were not included in the complaint. *See Guzman v. United States Dep't of Homeland Sec.*, 679 F.3d 425, 429 (6th Cir. 2012). The complaint does not allege that Defendants failed to reinstate Plaintiff to the position she occupied prior to her leave. In fact, Plaintiff cited a list of alleged FMLA violations, and the right to reinstatement was not included. Plaintiff may not make this claim for the first time in response to a motion to dismiss. *See Turner v. Hall*, No. 3:12-0847, 2013 WL 1826448, at *6 (M.D. Tenn. April 30, 2013) ("Plaintiff cannot amend his complaint to assert a previously unpled claim via a response to a motion to dismiss."). Accordingly, Plaintiff has failed to allege that she was denied FMLA benefits to which she was entitled, and her entitlement claim fails.

For an FMLA discrimination claim, a plaintiff must establish that (1) she was engaged in FMLA-protected activity; (2) she suffered an adverse employment action; and (3) there was a causal connection between the exercise of her rights and the adverse action. *Id.* Plaintiff asserts that she suffered adverse employment action when she was stripped of some of her duties upon her return to work. As discussed, Plaintiff did not allege this fact in the complaint, and may not make such an allegation at this point. Plaintiff also appears to argue that MGHS threatened to withdraw approval of her FMLA leave. Plaintiff admits, however, that MGHS ultimately approved her FMLA

5

leave. Thus, Plaintiff did not suffer an adverse employment action related to approval of her FMLA leave.

MGHS also argues that, even if Plaintiff had alleged an FMLA claim, such claim would be time-barred. A plaintiff must ordinarily bring an FMLA claim within two years of the alleged violation. 29 U.S.C. § 2617(c)(1). When an employer willfully violates the FMLA, however, the limitations period is three years. 29 U.S.C. § 2617(c)(2). "A willful violation is shown when an employer knew or showed reckless disregard regarding whether its conduct was prohibited." *Williams v. NW Airlines, Inc.*, 53 Fed. App'x 350, 352 (6th Cir. 2002).

Plaintiff's allegations concern events that occurred between November 2010 and March 2011. She filed her complaint on October 15, 2013—more than two years after the alleged FMLA violations. Although she filed an EEOC charge in the meantime, that did not toll the statute of limitations because the FMLA does not contain an exhaustion requirement. *See Ducket v. Tenn.*, No. 3:10-0067, 2010 WL 3732192, at *3 (M.D. Tenn. Sept. 20, 2010). Thus, Plaintiff's FMLA claim would be time-barred unless she alleged that Defendants willfully violated the FMLA.

The complaint does not use the term "willful," nor does it allege facts indicating that the employer knew its conduct was prohibited, or showed reckless disregard for that fact. In her response to MGHS's motion to dismiss, Plaintiff argues for the first time that Defendants' conduct was willful. In support of this argument, however, she merely states that Defendants threatened to withdraw approval of her FMLA leave and removed some of her responsibilities. Simply claiming that these amount to willful violations of the FMLA is insufficient to survive a motion to dismiss. *See Katoula v. Detroit Entm't, LLC*, No. 13-1844, 2014 WL 783099, at *2 (6th Cir. Feb. 27, 2014) ("[A] plaintiff must do more than make a conclusory assertion that a defendant acted willfully."). Accordingly, Plaintiff's claims are barred by the two-year statute of limitations for FMLA claims.

Plaintiff has failed to state a claim under the FMLA. Even if she could state a claim, it would be barred by the statute of limitations because she filed her complaint more than two years after the alleged violations.

C.  Hostile Work Environment (Count 4)

In Count 4, Plaintiff alleges that Defendants maintained a hostile work environment by imprisoning her and counseling her in demanding and berating ways. The individual defendants have moved to dismiss this claim, arguing that Plaintiff has failed to state a statutory basis for the claim, and that, to the extent it is based on the ADA or FMLA, they are entitled to dismissal.

The Court is unaware of any case holding that a plaintiff may assert a hostile work environment claim under the FMLA. Assuming that the claim is based on the ADA, the individual defendants are not liable. Accordingly, Plaintiff has failed to state a hostile work environment claim against the individual defendants.

**Iii.    Conclusion**

The individual defendants cannot be held liable under the ADA, and are thus entitled to dismissal of Counts 1 and 2. Plaintiff has failed to state a claim under the FMLA, and even if she had, any such claim would be time-barred. Accordingly, all the defendants are entitled to dismissal on Count 3. Finally, Plaintiff has failed to state a claim for hostile work environment against the individual defendants, and thus they are entitled to dismissal of Count 4.

An appropriate order will follow.


Dated: March 17, 2014                                     /s/ Gordon J. Quist
                                                    GORDON J. QUIST
                                                    UNITED STATES DISTRICT JUDGE